UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KI KWAI FUNG,<br>Petitioner,<br>v.<br>JAMES JANECHA, et al.,<br>Respondents. | Case No. 5:26-cv-04174 ADS<br><br>ORDER GRANTING PETITION IN PART |

## I. INTRODUCTION

Petitioner Ki Kwai Fung filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking immediate release from immigration detention, among other relief. (Dkt. No. 1.) Respondents filed an Answer to the Petition. (Dkt. No. 6.) Petitioner filed a Reply in support of the Petition. (Dkt. No. 7.) For the reasons discussed below, the Petition is granted in part.

## II. FACTUAL BACKGROUND

According to the Petition, Petitioner is a native of Hong Kong who entered the United States on June 20, 2017. (Dkt. No. 1-3, Declaration of Ki Kawi Fung ("Fung Decl.") ¶ 2.) Petitioner entered the United States on a temporary visitor visa. (Id.) Her visitor visa was a six-month visa which was set to expire on December 19, 2017. (Dkt. No. 6-1 at 3.) Respondents assert that on October 5, 2017, Petitioner was convicted of trespassing and sentenced to six days in jail. (Dkt. No. 6 at 2.) Her visitor visa was revoked early on October 7, 2017. (Dkt. No. 6-1 at 3.) Three and a half years later, Petitioner applied for asylum on April 30, 2021, and the application remains under consideration. (Dkt. No. 1 ¶ 25; Dkt. No. 6-1 at 3.) Petitioner then received employment authorization and a social security number. (Fung Decl. ¶ 3.)

On July 23, 2026, Petitioner was detained by immigration officials at an asylum interview. (Fung Decl. ¶ 4.) The Petition was filed on July 24, 2026. (Dkt. No. 1.) Petitioner alleges she was detained without prior notice or a hearing. (Fung Decl. ¶ 4.) Petitioner alleges that she has no criminal history. (Dkt. No. 1 ¶ 27.) However, Respondents allege that Petitioner was convicted of trespassing and sentenced to six days in jail. (Dkt. No. 6 at 2.) As of the Petition date, Petitioner has not yet received an individualized bond hearing to assess whether her detention is warranted due to danger or flight risk. (Dkt. No. 1 ¶¶ 47-49.) Petitioner's immigration proceedings are currently pending. (Dkt. No. 6-1 at 3.)

## III. SUMMARY OF BRIEFING

Petitioner seeks habeas relief from immigration detention. Specifically, Petitioner alleges the following grounds for relief: (1) a violation of the due process clause due to a lack of pre-deprivation notice and hearing; and (2) a violation of

substantive due process because her detention lacks a legitimate purpose. (Dkt. No. 1 ¶¶ 53-60.) Petitioner requests immediate release from immigration custody without conditions, an injunction prohibiting Respondents from re-detaining her without pre-deprivation due process, and an injunction preventing Respondents from removing her without a final decision on this habeas action. (Id. at 13.) Petitioner also requests declaratory relief. (Id.)

Respondents filed an Answer, arguing that Petitioner appears to be entitled to receive an initial bond hearing. (Dkt. No. 6 at 4.) Respondents further argue that Petitioner is properly detained pending a bond proceeding because this is her first detention. (Id. at 2-3.) Respondents emphasize that Petitioner does not have a heightened liberty interest because this is her first detention for overstaying her visa. (Id.)

Petitioner filed a Reply, arguing that she has a substantial liberty interest because of a pending asylum application and nine years of residing in the United States. (Dkt. No. 7 at 4.) Petitioner argues that she is entitled to pre-deprivation due process, despite the fact that this is her first detention. (Id. at 3.) Petitioner reiterates that immediate release is the appropriate remedy. (Id. at 7.)

## IV. DISCUSSION

### A. Violation of Petitioner's Procedural Due Process Rights

Petitioner alleges a violation of the Due Process Clause of the Fifth Amendment. The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. See U.S. Const. amend. V. It is settled law that noncitizens within the United States are entitled to due process "whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001);

Reno v. Flores, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in [removal] proceedings."); Trump v. J.G.G., 604 U.S. 670, 673 (2025) (same). There is no question that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." Demore v. Kim, 538 U.S. 510, 523 (2003). In the expedited removal context, a noncitizen has the "fundamental due process right[]" to receive "notice of the charge" they face and an "opportunity to respond to that charge." United States v. Raya-Vaca, 771 F.3d 1195, 1204 (9th Cir. 2014), abrogated on other grounds by Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103 (2020). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." United States v. Rivera-Valdes, 157 F.4th 978, 991 (9th Cir. 2025), cert. denied, No. 25-972, 2026 WL 1513330 (U.S. June 1, 2026) (quoting Morrissey v. Brewer, 408 U.S. 471, 481 (1972)).

To determine the procedures to which Petitioner is entitled, the Court applies the three-part balancing test established in Mathews v. Eldridge, 424 U.S. 319, 335 (1976). See Yagman v. Garcetti, 852 F.3d 859, 864 (9th Cir. 2017) (citation omitted); see also Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (applying Mathews to due process challenge to immigration detention, noting that "Mathews remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context"). Under the Mathews test, courts weigh "(1) the nature of the private interest at stake; (2) the risk of erroneous deprivation and probable value of procedural safeguards; and (3) the government's interests." Vatadi v. Bowen, No. 5:26-cv-00098 MRA (SSC), 2026 WL 712595, at *3 (C.D. Cal. Feb 12, 2026), modified, 2026 WL 530750 (C.D. Cal. Feb. 20, 2026) (citing Mathews, 424 U.S. at 319).

First, the Court considers Petitioner's private interest in remaining out of immigration custody. As a noncitizen residing within the United States, Petitioner is entitled to constitutional due process. See Zadvydas, 533 U.S. at 693. Petitioner has established community ties since her arrival in 2013. (Fung Decl. ¶ 2.) Petitioner received employment authorization and a social security number. (Fung Decl. ¶ 3.) However, Petitioner's liberty interest is lessened because she has not been authorized to reside in the United States since her temporary visitor visa was revoked in 2017. (Dkt. No. 6-1 at 3.) Petitioner's temporary visa was revoked after she was convicted for trespass. (Dkt. No. 6 at 2.) Petitioner subsequently overstayed her revoked temporary visa and then applied three and a half years later for asylum in 2021, despite the fact that her temporary visitor visa was conditioned on her guarantee that she did not intend to permanently reside in the United States. See Elkins v. Moreno, 435 U.S. 647, 665 (1978) (explaining that visitor visas are expressly conditioned on nonimmigrant intent). Further, Petitioner's pending asylum application does not prevent the government from initiating removal proceedings. See 8 C.F.R. § 208.3(c)(1) (explaining that even the information in an asylum application can be used as a basis to initiate the removal of a noncitizen). These circumstances warrant a lessened liberty interest.

Further, as ample district courts have concluded, Petitioner, as a visa overstay, does not have the strong liberty interest that may be applicable to other noncitizens who have previously been detained and then released by immigration officials. See Wan v. Mullin, No. 5:26-CV-5352-RAO, 2026 WL 2886399, at *3 (C.D. Cal. Sept. 25, 2026) (holding that the lessened liberty interest of a noncitizen who overstayed their visa entitled them to bond, not release); see Shayakhmet v. Warden, No. 5:26-CV-04125-SSC, 2026 WL 2299467, at *2 (C.D. Cal. Aug. 10, 2026) (same); see also Ma v. Warden,

No. 5:26-CV-4689-SSC, 2026 WL 3254576, at *4 (C.D. Cal. Sept. 25, 2026) (collecting cases). Petitioner's detention under 8 U.S.C. § 1226(a) already offers procedural safeguards, such as an entitlement to an initial custody determination, a bond hearing upon request, and further bond hearings upon a showing of changed circumstances.[1] See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1207-09 (9th Cir. 2022) (explaining the process that 8 U.S.C. § 1226(a) detainees are entitled to by statute and implementing regulations). Accordingly, Petitioner establishes a liberty interest in remaining out of immigration custody.

Second, the Court considers the risk of erroneous deprivation. The risk of erroneous deprivation is significant where, as here, Respondents have not alleged that any procedural safeguards were employed to determine if Petitioner's detention was justified. See Pinchi v. Noem, 792 F. Supp. 3d 1025, 1035 (N.D. Cal. 2025) (finding the risk of erroneous deprivation was significant where neither party "had an opportunity to determine whether there is any valid basis for [the petitioner's] detention"). However, the risk of erroneous deprivation can be adequately mitigated if Petitioner receives the bond hearing she is entitled to under 8 U.S.C. § 1226(a). To the extent Petitioner has not requested a bond hearing, she has increased the risk of erroneous deprivation by failing to exhaust her administrative remedies.

---

[1] The Ninth Circuit has affirmed that noncitizens like Petitioner who are present without admission and are detained in the interior of the United States are subject to 8 U.S.C. § 1226(a). See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) ("[W]e conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."); but see Sosnava Rodriguez v. Vergara, No. 26-50183, 2026 WL 3181188, at *6 (5th Cir. Oct. 23, 2026) (holding such noncitizens are subject to 8 U.S.C. § 1225(b)(2)(A)).

Third, the Court considers the government's interest in Petitioner's detention. The enforcement of the United States's immigration laws is a legitimate government interest. However, civil immigration detention is "nonpunitive in purpose and effect" and is permissible only to further the interests created by the statute and reduce the risk of flight or danger to the community. Zadvydas, 533 U.S. at 690; see also Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017) ("[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions."). Custody hearings in immigration court are "routine" and impose only a "minimal" cost. Singh v. Bowen, No. EDCV 25-03034-CAS-PDx, 2025 WL 3251437, at *7 (C.D. Cal. Nov. 21, 2025) (citation modified) (quoting Singh v. Andrews, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025)). Respondents have not provided a countervailing interest in detaining Petitioner without providing a bond hearing.

Under Mathews, Petitioner is entitled to a hearing in which her flight risk and danger to the community is evaluated. Further, Petitioner is already entitled to a bond hearing as a detainee under 8 U.S.C. § 1226(a). See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1167 (9th Cir. 2026) ("Although DHS makes the initial custody determination, aliens subject to § 1226(a) can seek bond hearings before an immigration judge (IJ) and further review in the Board of Immigration Appeals (BIA).") (citations omitted). Accordingly, Petitioner is entitled to a bond hearing.[2]

[2] Petitioner's only remaining ground for relief alleges, with little elaboration, that her detention violates substantive due process because she is not a flight risk or a danger. (Dkt. No. 1 ¶¶ 57-60.) Here, Petitioner overstayed her visitor visa for three and a half years before she applied for asylum. Moreover, there is no doubt that the government

**B. Remedy**

In light of the above analysis, the only remaining question before the Court is the appropriate remedy. "In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief." Lujan v. Garcia, 734 F.3d 917, 933 (9th Cir. 2013) (citing Hilton v. Braunskill, 481 U.S. 770, 775 (1987)). A bond hearing, as opposed to release, is the appropriate remedy when a noncitizen is present without admission or is a visa overstay and is now detained for the first time under 8 U.S.C. § 1226(a). See Mendez v. Warden, No. 5:26-CV-03901-DOC-SK, 2026 WL 2449572, at *2 (C.D. Cal. Aug. 20, 2026) (explaining that a bond hearing "is the remedy which courts—including in this district—have regularly ordered where, as here, the detainee was never previously released on bond or parole but was entitled to receive a detention hearing with an immigration judge.") (collecting cases); see also Wan, 2026 WL 2886399, at *3 (C.D. Cal. Sept. 25, 2026) (ordering a bond hearing when a noncitizen overstayed their visa and was subsequently detained). To the extent Petitioner seeks an injunction against future detention without notice and a hearing in the event Petitioner is released, the Court does not consider it necessary to provide additional relief addressing a

---

has the authority to detain noncitizens like Petitioner during their removal proceedings. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) ("The Supreme Court has accordingly long upheld Congress's authorization of detention during deportation proceedings as a constitutionally valid aspect of the deportation process.") (citing Demore v. Kim, 538 U.S. 510, 511 (2003)). To the extent that Petitioner contends that her detention is not justified because she is not a flight risk or danger, she will have the opportunity to present that exact contention at the bond hearing. See Mendez v. Warden, No. 5:26-CV-03901-DOC-SK, 2026 WL 2449572, at *3 (C.D. Cal. Aug. 20, 2026) ("[The petitioner's] professed showing of family ties, steady work, rehabilitation, and other favorable factors supporting release on bond is precisely what § 1226(a) and its implementing regulations invite him to make to the immigration judge at that hearing.").

hypothetical possibility that Petitioner may be released and then re-detained. See Meza-Hernandez v. Marin, No. 5:26-CV-00813-MCS-JDE, 2026 WL 1333740, at *1 (C.D. Cal. May 13, 2026) ("[T]he Court will not grant habeas relief that exceeds the scope of the claims in the petition or is based on speculation about what might happen after Petitioner's release.").

## V. CONCLUSION

IT IS THEREFORE ORDERED that:

1) The Petition is granted in part;

2) Petitioner Ki Kwai Fung (A# 220-141-700) must be provided with an individualized bond hearing before an immigration judge within 7 days of the date of this Order; and

3) Judgment shall be entered accordingly.

Dated: October 30, 2026

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge